# EXHIBIT A

Filing # 124671637 E-Filed 04/09/2021 03:57:40 PM

                                                                            IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY,
FLORIDA

ROBERT CORRIVEAU,

        Plaintiff,                              CASE NO.:
v.                                              DIVISION:

CSX TRANSPORTATION, INC.

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Robert Corriveau, sues Defendant, CSX Transportation, and alleges:

1. This is a suit for damages and injunctive relief under the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 et. seq.; and the Florida Civil Rights Act, Fla. Stat. 760 et. seq., brought to remedy unlawful employment discrimination based on disability, and handicap.

## JURISDICTION

2. This is an action for damages in excess of $30,000.00, exclusive of prejudgment interest, costs, reasonable attorney fees and injunctive relief.

## PARTIES

3. Plaintiff, Robert Corriveau, is a citizen of the United States and was employed with Defendant in Jacksonville, Florida.

4. Defendant, CSX Transportation, Inc. is a foreign corporation licensed in Florida and doing business in Duval County, Florida, and was Plaintiff's employer.

1

## CONDITIONS PRECEDENT

5. Plaintiff filed a charge of discrimination, with the Equal Employment Opportunity Commission (EEOC) in a deferral state within 300 days of the challenged unlawful employment practice. The EEOC issued a Notice of Right to Sue and Plaintiff filed this Complaint within 90 days of the receipt.

6. Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 Florida Statutes. A timely charge of discrimination was filed with the Florida Commission on Human Relations within 365 days of the discriminatory acts. The charge was pending for more than a year without the Commission entering any determination. This action was commenced within four years of the discriminatory acts complained of by Plaintiff.

## STATEMENT OF THE FACTS

7. Plaintiff was employed by Defendant for approximately 20 years. His most recent position was Train Dispatcher, and his most recent supervisor is George A. Longcoy, Supervisor of Train Operations (STO).

8. At all material times, Plaintiff has had a disorder(s) that substantially limits one or more major life activities, either with or without mitigating measures, has a history of having such a disorder, and/or is perceived as having such a disorder. Plaintiff has a vision impairment called macular edema, which is a side effect of diabetes, and which causes blood vessels in his eyes to leak blood. At all material times, Mr. Corriveau was capable of performing the essential functions of his job, either with or without reasonable accommodations.

9. Prior to Mr. Longcoy becoming his supervisor, Mr. Corriveau was permitted to use a magnifying glass while performing his job and there was no rule against it. He was previously supervised by Rick Pfeifer, Chief Dispatcher, who was very pleased with his work performance even though Plaintiff was using a magnifying glass, which caused no inconvenience to the employer or any other problem.

10. Then Plaintiff's new supervisor, George Longcoy, prohibited him from using the magnifying glass, and, as a result, Mr. Corriveau has been on medical leave since November 29, 2017.

11. After Plaintiff was put on leave, Defendant had him perform work simulations and Plaintiff was also tested by an occupational therapist from Brooks Therapy, ostensibly to determine his ability to perform the job. However, the results were misleading. Plaintiff tested on an unfamiliar territory for which he was not qualified or trained, rather than the territory in which he had been working. Moreover, Defendant did not permit Plaintiff to use his magnifying glass for these tests or work simulations.

12. Despite not factoring in the use of a magnifying glass since it was inexplicably prohibited, the therapist still released Mr. Corriveau to return to work on or about January 12, 2018, with accommodations. She stated, "Please accept this letter as my formal commendation for return to work for Robert Corriveau should the optical interventions and workplace ergonomic adaptations be provided." She recommended a large keyboard display (which, of course, was the whole point of using the magnifying glass), trifocal glasses, and ergonomic desk adaptations. However, Defendant was not willing to provide these accommodations either. The magnifying glass, which would have sufficed by itself, was confiscated by the employer and never returned to Plaintiff.

3

13. The employer also failed to place Mr. Corriveau in an alternative position that he can perform without the accommodation. Due to the employer's continued prohibition of being able to use a magnifying glass, Plaintiff applied for alternative positions where he would not need to be similarly accommodated. The employer failed to accommodate Plaintiff by giving him any alternative position for which he applied in 2018 and 2019, even though alternative positions were available at the time, and intentionally discriminated against him by denying him these positions. These positions included Crew Dispatcher, Freight Coordinator, Terminal Ops Supervisor, Control Ops Analyst, Intermode Service Employee, and Trainmaster South Region.

14. When Plaintiff initially went on leave, it was unpaid but with continued benefits. The employer discontinued Plaintiff's benefits on or about January 1, 2021, effectively resulting in the end of Plaintiff's employment. As a result of losing his insurance, Plaintiff has not been able to continue his medical treatment which is making his condition worse.

15. Plaintiff asserts that he has been intentionally discriminated against based on disability/handicap, and that the employer has failed to reasonably accommodate him

### COUNT I

### UNLAWFUL DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008, 42 U.S.C. §12101 *ET SEQ.*

16. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 15.

17. Plaintiff's disability, his record of having such disability, and/or being regarded as having a disability were motivating factors in Defendant's decisions to deny him

4

accommodations, to deny him alternative positions, to force him to take leave, and to terminate Plaintiff's employment.

18. The requested accommodations, which were denied, were reasonable and would not have imposed an undue hardship on the employer.

19. The discrimination described above was done maliciously and in violation of Plaintiff's rights under the Americans with Disabilities Act.

20. As a result, Plaintiff has suffered damages, and has had to retain the undersigned counsel and will continue to incur fees and costs.

21. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

22. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss of benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

**HANDICAP DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTE §760.01 *ET SEQ*.**

21. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 15.

22. Plaintiff had an impairment which substantially limited one or more major life activity and had a handicap as defined by Fla. Stat. §760.22(7) of the Florida Civil Rights Act of 1992.

23. Defendant's decisions to deny accommodations, to deny alternative positions, to force a leave of absence, and to terminate Plaintiff were motivated by his impairment, and/or his record of such impairment and/or having been regarded as having such an impairment.

24. The requested accommodations, which were denied, were reasonable, and would not have imposed an undue hardship on the employer.

25. The discriminatory and retaliatory practices described above were done by Defendant willfully, maliciously, and with a reckless disregard for Plaintiff's rights under Florida law.

26. Defendant's discrimination against Plaintiff due to his handicap has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

27. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services herein.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

                Respectfully submitted,

                MAGID & WILLIAMS, P.A.
                3100 University Boulevard South
                Suite 115
                Jacksonville, Florida 32216
                (904) 725-6161  (telephone)
                (904) 725-3410  (facsimile)

                */s/ P. Daniel Williams*
                P. Daniel Williams
                Florida Bar No. 0036625
                len@magidwilliams.com
                Leonard S. Magid
                Florida Bar No. 0717101
                dan@magidwilliams.com
                Attorneys for Plaintiff